**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2021-0031, <u>Alfred E. Gagnon v. Town of Pelham</u>, the court on April 21, 2022, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiff, Alfred E. Gagnon, appeals an order of the Superior Court (<u>Temple</u>, J.) affirming the decision of the Town of Pelham Planning Board ("the Planning Board") to grant subdivision approval to the owners of an abutting property. The plaintiff argues that the Planning Board lacked jurisdiction to grant the approval because the lots in the proposed subdivision failed to satisfy the street access requirement of RSA 674:41 (2016). We affirm.

The following facts are drawn from the trial court's order or are otherwise supported by the record. The plaintiff owns a parcel of property on the south side of Greeley Road in Pelham. In 1971, the plaintiff acquired an adjacent property, also located on the south side of Greeley Road ("the lot"). Sometime between 1971 and 1987, the Town of Pelham ("the Town") moved the paved surface of Greeley Road on the northern boundary of the lot approximately seventy-five feet northward. The plaintiff subsequently sold the lot.

In 2018, the owners of the lot sought approval for a two-lot subdivision. Because at least one of the new lots would have less frontage on Greeley Road than required by the Town of Pelham zoning ordinance, the owners applied to the Zoning Board of Adjustment for a variance from the road frontage requirement in the ordinance. The Zoning Board approved the variance, a decision that the plaintiff appealed to the superior court. On December 6, 2019, the superior court upheld the issuance of the variance.

In April and June of 2020, the Planning Board held two public meetings related to the proposed subdivision. The plaintiff opposed the proposal, arguing that, because the paved surface of Greeley Road had been moved seventy-five feet northward, the lot no longer had frontage on Greeley Road and, as a consequence, the Planning Board did not have jurisdiction to hear the subdivision proposal. The Planning Board approved the subdivision, and the plaintiff appealed to the superior court.

The superior court upheld the grant of subdivision approval, reasoning that even though the paved surface of Greeley Road had been moved northward, the lot continued to have frontage on Greeley Road meeting the

street access requirement of RSA 674:41 and, therefore, that the Planning Board had jurisdiction. The plaintiff filed a motion to reconsider. The trial court denied the motion, and this appeal followed.

On appeal, the plaintiff argues that the trial court erred when it ruled that the Planning Board had jurisdiction to consider the owners' subdivision proposal. The plaintiff asserts that, because the paved surface of Greeley Road was moved seventy-five feet northward, the lot no longer has street access as required by RSA 674:41, I, and, therefore, the Planning Board did not have jurisdiction over the subdivision application. The Town counters that, because RSA 674:41 does not in any way limit the Planning Board's jurisdiction, the trial court did not err when it ruled that the Planning Board had jurisdiction. The Town also argues that the lot satisfies the street access requirement of RSA 674:41. During oral argument, the plaintiff acknowledged that the only issue before us is whether the Planning Board had jurisdiction to hear the owners' subdivision proposal. We agree with the Town that, regardless of whether the lot satisfies the street access requirement set forth in RSA 674:41, the Planning Board had jurisdiction to consider the subdivision application.

The trial court's review of a planning board decision is limited. Girard v. Town of Plymouth, 172 N.H. 576, 581 (2019); RSA 677:15, V (2016). The trial court must treat the factual findings of the planning board as prima facie lawful and reasonable and cannot set aside its decision absent unreasonableness or an identified error of law. Girard, 172 N.H. at 581. Our review is similarly limited, and we must affirm the trial court's decision unless that decision is not supported by the evidence or is legally erroneous. Id.

In concluding that the Planning Board had jurisdiction to hear the subdivision proposal, the trial court analyzed whether the lot meets the street access requirement of RSA 674:41. We do not think such an analysis is necessary, because the question of whether the lot had road frontage is immaterial to a determination of whether the Planning Board had jurisdiction to consider the subdivision proposal. Because we conclude that whether a lot meets the street access requirement of RSA 674:41 has no impact on the Planning Board's jurisdiction, we affirm.

Whether a proposed subdivision's failure to meet the street access requirement of RSA 674:41 deprives the Planning Board of jurisdiction is an issue of statutory interpretation, which presents a question of law subject to our de novo review. See Rogers v. Rogers, 171 N.H. 738, 743 (2019). We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id.

2

RSA 674:41 provides that "[f]rom and after the time when a planning board shall expressly have been granted the authority to approve or disapprove plats by a municipality, as described in RSA 674:35," no building shall be erected on nor building permit issued for any lot unless a street meeting certain criteria gives access to the lot. RSA 674:41, I. Although, by its plain language, the statute addresses only the issuance of building permits, "[t]his court has held that the statute applies with equal force to building permits and subdivision permits." Turco v. Town of Barnstead, 136 N.H. 256, 265 (1992). Significantly, nothing in RSA 674:41 prevents a planning board from considering a subdivision proposal with lots that do not satisfy the street access requirement of the statute. Simply put, although the failure to satisfy the street access requirement of RSA 674:41 may result in the disapproval of a subdivision application, it does not divest the planning board of jurisdiction.

Moreover, the statutory scheme specifically grants planning boards the authority to define when its jurisdiction is invoked:

> The planning board shall specify by regulation what constitutes a completed application sufficient to invoke jurisdiction to obtain approval. A completed application means that sufficient information is included or submitted to allow the board to proceed with consideration and to make an informed decision. A completed application sufficient to invoke jurisdiction of the board shall be submitted to and accepted by the board only at a public meeting of the board.

RSA 676:4, I(b) (Supp. 2021). Here, there is no evidence in the record that the owners' subdivision proposal was incomplete or failed to satisfy any regulation related to the jurisdiction of the Planning Board.

Accordingly, we conclude that the trial court did not err when it ruled that the Planning Board properly exercised jurisdiction over the owners' subdivision proposal. In view of the foregoing, we need not address the plaintiff's remaining arguments on appeal.

Affirmed.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**